UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>　　Plaintiff,<br><br>vs.<br><br>$537,000.00, MORE OR LESS, SEIZED FROM BANK OF AMERICA ACCOUNT NUMBER XXXXXX4620,<br><br>　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 1:23-CV-00672 |

ORDER ADOPTING U.S. MAGISTRATE JUDGE HOWELL'S
REPORT AND RECOMMENDATION

Before the Court is U.S. Magistrate Judge Howell's Report and Recommendation ("Report"), issued on February 2, 2024, concerning United States of America's Motion for Default Judgment of Forfeiture and Memorandum of Law in Support Thereof. (Dkt. # 10.) No objection to the Report has been filed.

The Court finds this matter suitable for disposition without a hearing. After careful consideration, the Court—for the reasons that follow— **ADOPTS** Judge Howell's Report and **GRANTS** United States of America's Motion for Default Judgment of Forfeiture. (Dkt. # 10.)

1

BACKGROUND

The United States filed a verified complaint for forfeiture against the Respondent Property in this case: $537,000.00, more or less. (Dkt. # 1.)  Federal agents seized the Respondent Property from a Bank of America account held in the name of Dhiraj Singha.  (Id. at 7.)  The Government contends that the Respondent Property is derived from the proceeds traceable to violations of Title 18 U.S.C. §§ 1028 and 1343 and to property involved in § 1956 and § 1957 money laundering and therefore subject to forfeiture to the United States of America pursuant to Title 18 U.S.C. §§ 981(a)(1)(A) and (C).  (Id. at 5.)  The Court issued an order for warrant for arrest of the property on July 7, 2023. (Dkts. # 2, 3.)

As required by Rule G(4) of the Supplemental Rules for Admiralty and Maritime and Asset Forfeiture Actions, the United States published a notice of complaint of this action on an official government website for at least 30 consecutive days, from September 1, 2023, through September 30, 2023.  (Dkt. # 5.); see also Fed. Supp. R. Civ. P. G(4)(a)(iv)(C).  The Government also served notice to two known potential claimants—Abraham Toluleke Yussuff and Dhiraj Singha—as required by Rule G(4)(b)(i). (Dkt. # 9, at 2.)  Yusuff was served via FedEx on July 12, 2023, and Singha was served via FedEx on July 12, 2023, and personally on August 23, 2023.  (Dkts. # 9, at 2; 7; 7-1; 7-2; 7-3.)  No answers have been filed in

this action. Further, the deadline to file a claim expired 35 days after service. Fed. Supp. R. Civ. P. G(5)(a)(ii). To date, no claims have been filed in this cause of action.

On November 29, 2023, the United States moved for final default judgment of forfeiture. (Dkt. # 9.) The United States seeks a judgment of default in its favor for the Defendant Property against any and all right, title, and interest of Abraham Toluleke Yussuff, Dhiraj Singha, and any and all other potential third-party claimants in the Defendant Property. (Id. at 1.)

## APPLICABLE LAW

The Court must conduct a de novo review of any of the Magistrate Judge's conclusions to which a party has specifically objected. See 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). The objections must specifically identify those findings or recommendations that the party wishes to have the district court consider. Thomas v. Arn, 474 U.S. 140, 151 (1985). A district court need not consider "[f]rivolous, conclusive, or general objections." Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Findings to which no specific objections are made do not require de novo review; the Court need only determine whether the Recommendation is clearly erroneous or contrary to law. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).

Under Rule 55 of the Federal Rules of Civil Procedure, a default occurs when a defendant fails to plead or otherwise respond to a complaint within the time required. FED. R. CIV. P. 55; New York Life Ins. Co. v. Brown, 84 F.3d 137, 141 (5th Cir. 1996). After the defendant's default has been entered by the clerk of court, the plaintiff may apply for a judgment based on the default. Id. Even when the defendant technically is in default, however, a party is not entitled to a default judgment as a matter of right. Escalante v. Lidge, 34 F.4th 486, 492 (5th Cir. 2022). There must be a sufficient basis in the pleadings for the judgment entered. Wooten v. McDonald Transit Assocs., Inc., 788 F.3d 490, 498 (5th Cir. 2015). Entry of default judgment is within the court's discretion. See Stelly v. Duriso, 982 F.3d 403, 406 (5th Cir. 2020); Lindsey v. Prive Corp., 161 F.3d 886, 893 (5th Cir. 1998).

In considering the United States' motion, the undersigned must determine: (1) whether default judgment is procedurally warranted, (2) whether the United States' complaint sets forth facts sufficient to establish that it is entitled to relief, and (3) what form of relief, if any, the United States should receive. United

States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008); see also J & J Sports Prods., Inc. v. Morelia Mexican Rest., Inc., 126 F. Supp. 3d 809, 813 (N.D. Tex. 2015) (using the same framework).

DISCUSSION

I. Procedural Requirements

To determine whether entry of a default judgment is procedurally warranted, district courts in the Fifth Circuit consider six factors: "(1) whether material issues of fact are at issue, (2) whether there has been substantial prejudice, (3) whether the grounds for default are clearly established, (4) whether the default was caused by a good faith mistake or excusable neglect, (5) the harshness of a default judgment, and (6) whether the court would think itself obliged to set aside the default on the defendant's motion." Lindsey v. Prive Corp., 161 F.3d 886, 893 (5th Cir. 1998).

Judge Howell noted the Lindsey factors weigh in favor of entering a default judgment against the Respondent Property. This Court agrees. The United States' Verified Complaint for Forfeiture was filed on June 15, 2023. (Dkt. # 1.) Service with notice of this civil forfeiture action was affected on Yusuff on July 12, 2023, and Singha on July 12, 2023, and again on August 23, 2023. (Dkts. ## 9, at 2; 7; 7-1; 7-2; 7-3.) Any other potential claimant was adequately served by publication after the United States published a notice of complaint of this action on

5

an official government website for at least 30 consecutive days (here, from September 1, 2023, through September 30, 2023).  See Notice, Dkt. 5; see also Fed. Supp. R. Civ. P. G(4)(a)(iv)(C).  To date, no verified claims or answers are pending in this cause of action as required by Federal Supplemental Rule of Civil Procedure G and this Court's Order for Warrant of Arrest of Property.  (Dkt. # 2.)  Accordingly, Abraham Toluleke Yussuff, Dhiraj Singha, along with any other potential claimants, are now in default.

As Judge Howell noted, because no verified claim has been filed, there are no material facts in dispute.  See Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir.1975) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact.").

Moreover, as Judge Howell stated, the failure of any potential claimant to appear has ground the adversary process to a halt, prejudicing the United States' interest in pursuing forfeiture of the Defendant Property.  See J & J Sports Prods., Inc. v. Morelia Mexican Rest., Inc., 126 F. Supp. 3d 809, 814 (N.D. Tex. 2015) ("Defendants' failure to respond threatens to bring the adversary process to a halt, effectively prejudicing Plaintiff's interests.").

The Court finds that the grounds for default are established as no potential claimant has appeared after properly being served.  No facts exist that would warrant this Court to set aside the default.

6

II.     Sufficiency of the Complaint

Default judgment is proper only if the well-pleaded factual allegations in the United States' complaint establish a valid cause of action. Nishimatsu Constr. Co., 515 F.2d at 1206. By defaulting, a defendant "admits the plaintiff's well-pleaded allegations of fact." Id. In determining whether factual allegations are sufficient to support a default judgment, the Fifth Circuit employs the same analysis used to determine sufficiency under Rule 8. Wooten v. McDonald Transit Assocs., Inc., 788 F.3d 490, 498 (5th Cir. 2015). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The factual allegations in the complaint need only "be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Wooten, 788 F.3d at 498 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While "detailed factual allegations" are not required, the pleading must present "more than an unadorned, the-defendant unlawfully- harmed-me accusation." Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

The Court agrees with Judge Howell that the United States has satisfied its pleading burden to support a default judgment. The United States contends that the Respondent Property is subject to forfeiture pursuant to Title 18 U.S.C. §§ 981(a)(1)(A) and (C) because it is derived from the proceeds traceable to

7

violations of Title 18 U.S.C. §§ 1028, 1343, 1956, and 1957.  (Dkt. # 1, at 5.)  The United States has supported these allegations by showing that the Respondent Property was seized under circumstances that reasonably suggest the Respondent Property is derived from proceeds traceable to the alleged crimes.  See id. at 2-5.  Therefore, the Court finds that the United States has sufficiently pled its claim to recover a default judgment.

III.   Relief

Federal Rule of Civil Procedure 54(c) states that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."  Fed. R. Civ. P. 54(c).  In other words, the relief prayed for in a complaint defines the scope of relief available on default judgment.  Id.  The Court finds it appropriate based on the pleadings to enter a default and final judgment of forfeiture against the Defendant Property.

CONCLUSION

For the reasons stated above, the Court **ADOPTS** U.S. Magistrate Judge Howell's Report and **GRANTS** the United States' Motion for Default Judgment of Forfeiture. (Dkt. # 9.)   Final Judgment of Forfeiture shall be entered against the Respondent Property, $537,000.00, more or less, in United States Currency and that the Respondent Property be **FORFEITED** to the United States.

**IT IS SO ORDERED.**

**DATED**: Austin, Texas, April 29, 2024.

---
David Alan Ezra
Senior United States District Judge